IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DB INSURANCE CO., LTD. | § | |
| | § | |
| *vs*. | § | C.A. NO. H – 19 – 3280 |
| | § | ADMIRALTY |
| M/V ALAM MUTIARA, *etc*., *et al*. | § | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff DB Insurance Co., Ltd. files this Original Complaint against Defendants, the M/V ALAM MUTIARA, *in rem*, and Mac Lir Corporation ("MLC") and PCL Shipping Pte. Ltd. ("PCL"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to maritime cargos, maritime torts and/or breaches of maritime contracts.

2. Accordingly, the Court has original jurisdiction of these admiralty and maritime claims under 28 U.S.C. §1333(1).

3. Plaintiff is a South Korean corporation with its principal place of business in Seoul, South Korea.

4. At all times material, Plaintiff insured DSL Corporation ("DSL") under an insurance policy.

5. Plaintiff paid DSL for cargo loss under the insurance policy and/or is contractually and/or equitably subrogated to DSL's interest in the cargos.

6. Plaintiff brings this action for itself and, as necessary, for every person or entity that is or may become interested in the cargos.

7. On information and belief and at all times material, the M/V ALAM MUTIARA was an ocean–going bulk carrier vessel, registered in the Republic of Panama, bearing International Maritime Organization No. 9615169, weighing approximately 34,794 gross tons, and engaged in the carriage of cargo to and/or from ports in the United States.

8. On information and belief and at all times material, MLC owned, chartered, managed and/or operated the M/V ALAM MUTIARA as a common carrier of goods by water for hire between various ports, including the Ports of Subic, Philippines and Houston.

9. On information and belief, MLC is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard a vessel or vessels to and from Texas, operating and/or managing a vessel or vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in

accordance with §17.042 of the Texas Civil Practice & Remedies Code.

10.     On information and belief, MLC is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.

11.     Alternatively, although MLC may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, MLC has sufficient national minimum contacts with the United States as a whole.

12.     The exercise of personal jurisdiction over MLC is consistent with the Constitutions and other laws of the United States and Texas.

13.     Accordingly, serving MLC with a summons is effective to establish personal jurisdiction over it.

14.     MLC can be served by serving the Texas Secretary of State.

15.     Process or notice can be sent to MLC in care of Taiheiyo Kisen Kaisha Ltd, 3–1, Kandaogawa–machi 1–chome, Chiyoda–ku, Tokyo, 101–0052, Japan.

16.     On information and belief and at all times material, PCL owned, chartered, managed and/or operated the M/V ALAM MUTIARA as a common carrier of goods by water for hire between various ports, including the Ports of Subic and Houston.

17.     On information and belief, PCL is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard a vessel or vessels to and from Texas, operating and/or managing a vessel or

vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.

18. On information and belief, PCL is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.

19. Alternatively, although PCL may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, PCL has sufficient national minimum contacts with the United States as a whole.

20. The exercise of personal jurisdiction over PCL is consistent with the Constitutions and other laws of the United States and Texas.

21. Accordingly, serving PCL with a summons is effective to establish personal jurisdiction over it.

22. PCL can be served by serving the Texas Secretary of State.

23. Process or notice can be sent to PCL at its home office at 07–02, 1, Kim Seng Promenade, Great World City, Singapore 237994.

24. On or about August 19, 2018, DSL's shipper tendered in good order and

condition to Defendants at Subic cargos of welded tubing.

25. Defendants agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges.

26. Defendants acknowledged receipt of the cargos in good order and condition, and accordingly therewith, issued at Singapore one or more bills of lading, including Bills of Lading Nos. PCLW7075XSFH 031 through 034, 047 and 074 through 080, all free of exceptions or other notations for loss or damage, and loaded the cargos aboard the M/V ALAM MUTIARA.

27. On or about October 15, 2018, the M/V ALAM MUTIARA arrived at Houston where Defendants later discharged the cargos, not in the same good order and condition as when received but, on the contrary, much of the cargos was dented, bent, bowed, nicked, gouged, smashed, crushed, out of round, flattened, compressed, chafed, stained, rusted, corroded, contaminated, scratched and/or otherwise physically damaged.

28. The losses proximately resulted from Defendants' respective acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.

29. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V ALAM MUTIARA.

30. Plaintiff proximately has sustained damages exceeding $82,934.34 plus

interest dating from August 19, 2018, demand for which has been made upon Defendants, but which they refuse to pay.

WHEREFORE, PREMISES CONSIDERED, Plaintiff DB Insurance Co., Ltd. prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V ALAM MUTIARA, her engines, tackle, apparel, furniture, equipment, etc.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V ALAM MUTIARA be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that Defendants, the M/V ALAM MUTIARA, *in rem*, and Mac Lir Corporation and PCL Shipping Pte. Ltd., *in personam*, are liable to Plaintiff, jointly and severally, for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _/s/ Robert C. Oliver_

   Robert C. Oliver
   State Bar No. 15255700
   S. D. Texas No. 886
   5535 Memorial Drive, No. F570
   Houston, Texas 77007
   Telephone:   (713) 864–2221
   Facsimile:   (713) 864–2228
   Email: macknife@macknife.net

ATTORNEYS FOR PLAINTIFF